E-filed in the Office of the Clerk
for the Business Court of Texas
10/31/2024 11:51 AM
Accepted by: Beverly Crumley
Case Number: 24-BC01B-0007



The Business Court of Texas,
1st Division

SYNERGY GLOBAL
OUTSOURCING, LLC, *Plaintiff*

v.

HINDUJA GLOBAL SOLUTIONS,
INC. and HGS HEALTHCARE, LLC,
*Defendants*

§
§
§
§
§
§
§
§
§

Cause No. 24-BC01B-0007

## OPINION AND ORDER

Before the court is defendants' motion to remand this case.[1]  The court

grants that motion because plaintiff filed this suit on December 30, 2019, but

this court does not have authority over cases filed before September 1, 2024.

Act of May 25, 2023, 88th Leg., R.S., ch. 380, §§ 8, 2023 Tex. Sess. Law Serv.

919, 929 (H.B. 19).

---

[1] Although defendants' October 15, 2024, filing is captioned, "HSG Parties' Response to the Court's October 2, 2024[ Order," their conclusion and prayer asks the court to find that the case is not removable and remand it to the district court.  Because that response is in substance a motion to remand, the court treats it as such.  *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (treat pleading's substance over form).

## Background

On December 30, 2019, Synergy Global Outsourcing, LLC sued Hinduja Global Solutions, Inc. (HGSI) in the 191st District Court of Dallas County, Texas. Synergy later sued Ali Ganjaei and HGS Healthcare, LLC. All parties were joined before September 1, 2024. This dispute centers on a business development contract dispute. The district court's docket sheet shows seventy-six pages of district and appellate court activity from December 30, 2019, until August 31, 2024.[2]

Plaintiff removed the case to this court on October 1, 2024. Its removal appendix filed two days later contains twenty-five volumes.

On October 3rd, this court requested briefs regarding what effect H.B. 19, § 8 has on this court's authority to hear this case. H.B. 19, § 1's operative sections are codified as Government Code §§ 25A.001-25A.020. GOV'T CODE §§ 25A.001-25A.020.

Twelve days later, defendants moved for remand arguing based on statutory plain text that the removal procedures applicable to business court cases do not apply here because chapter 25A is restricted to actions

---

[2]The district court granted Ganjaei's special appearance, and the court of appeals affirmed.

commenced on or after September 1, 2024, thus precluding application to this 2019 case. They also cited two non-party memoranda on the judicial branch's website stating that only actions filed after September 1, 2024, are removable. Finally, they referred to prior instances where the legislature limited statutory amendments to only cases filed after the statute's effective date.

Plaintiff responded with these basic arguments:

> ***First,*** a plain language reading of H.B. 19, § 8 reveals no prohibition to the removal of cases, only an affirmation of this Court's ability to start adjudicating cases filed on or after September 1, 2024.
>
> ***Second,*** in instances where the Legislature seeks to prevent the application of a Statute to actions commenced before the effective date, it has utilized specific language that does not appear in H.B. 19, § 8.
>
> ***Third,*** H.B. 19 (including § 8) is a procedural not substantive statute; accordingly, the removal process outlined therein applies to ongoing, pre-September 1, 2024 [sic] cases.

Plaintiff expanded those arguments and urged textual points and referenced nine examples of the legislature including specific language limiting a statute's application to cases filed after the statute's effective date as evidence that § 8, which omits such explicit language, does not prevent removal in this case. According to plaintiff, § 8's purpose is to signal when the court is open and ready to adjudicate cases as opposed to § 9's September

1, 2023, date for when the court can begin the administrative process of preparing to open for business in 2024.

The court gave the parties an opportunity to respond, which they did.

Defendants reiterated their plain text arguments and addressed plaintiff's argument that § 8 exists to signal when the court may begin accepting cases by arguing it is H.B. 19, §5's statement that the court was created September 1, 2023, that says when the court may begin accepting cases and so, § 8 must mean something different.

Defendants also invoked the Negative Implication Canon (*inclusio unius est exclusio alterius*) to argue that H.B. 19's application to cases filed on or after September 1, 2024, means that the statute including its removal provisions do not apply to earlier filed cases.

Finally, defendants addressed plaintiff's examples of statutes expressly limiting their application to post-effective date cases by referring to two examples where the legislature included language stating that the legislative changes apply to existing cases as negating plaintiff's argument about needing express language to limit a change in law to new cases.

Plaintiff's response reiterated that § 8's plain text omitted words needed to give it the meaning defendants argued for and identified four cases

defendants cited that, according to plaintiff, support its premise that § 8 needed to include limiting language to limit the court's authority to cases filed on or after September 1, 2024.

Finally, plaintiff urged the court to reject extrinsic materials regarding legislative intent and defendants' policy argument that limiting the court's authority to newly-filed cases makes good sense.

Neither side contends that there are disputed fact issues, and the court does not find any. Nor do the parties contend that H.B. 19 is ambiguous on this issue, and the court does not discern any such ambiguity. Finally, no party requested oral argument.

## Analysis

### A. Overview

The issue is whether H.B. 19, § 8 restricts the court's authority to act to cases commenced on or after September 1, 2024, as defendants contend, or whether § 8 marks the date when the court can begin accepting cases, as plaintiff contends. For the following reasons, the court concludes that § 8 serves both purposes. Thus, the court lacks authority to hear this 2019 case.

## B.    Applicable Law

This is a statutory construction issue, which is a legal question. *In re Panchakarla*, 602 S.W.3d 536, 540 (Tex. 2020) (orig. proceeding). The applicable principles are:

> When a statute's language is unambiguous, "we adopt the interpretation supported by its plain language unless such an interpretation would lead to absurd results." "We presume the Legislature included each word in the statute for a purpose and that words not included were purposefully omitted." We construe statutes and related provisions as a whole, not in isolation, . . ., and as a general proposition, we are hesitant to conclude that a trial court's jurisdiction is curtailed absent manifestation of legislative intent to that effect, . . ..

*Id.* (citations omitted).

On June 9, 2023, Governor Abbott signed H.B. 19. H.B. 19, § 1 states:

> SECTION 1. Subtitle A, Title 2, Government Code, is amended by adding Chapter 25A to read as follows: . . ..

H.B. 19, § 1. Thereafter, H.B. 19, § 1 adds twenty sections regarding the business court's operation, including §§ 25A.004 and 25A.006 concerning the court's jurisdiction, removal, and remand rules.

Under § 25A.006(f)(1), a party may file an unagreed to removal notice within thirty days after it discovered, or reasonably should have discovered, facts establishing the business court's jurisdiction over the case. GOV'T CODE, § 25A.006(f)(1). Based on this section, plaintiff contends that its

removal is timely because it filed its notice within thirty days after September 1, 2024, when the court's jurisdiction became effective.

But H.B. 19 has seven other enabling provisions, including §§ 8 and 9:

> SECTION 8. The changes in the law made by this Act Apply to civil actions commenced on or after September 1, 2024.

> SECTION 9. This Act takes effect September 1, 2023.

Because plaintiff's first and second arguments are related, the court addresses them together.

## C.    H.B.19's plain text is dispositive.

### 1. The Statute's Plain Text

Section 25A.006 permits removal of cases to the business court if the case meets business court jurisdictional requirements. *Id.* § 25A.006((d)-(h). But § 25A.006 does not address whether cases, like this one, filed before September 1, 2024, are removable. Nor does any other part of chapter 25A. Rather, one must consider H.B. 19 as a whole to resolve that issue. Sections 8 and 9 provide that resolution.

Section 9 establishes that the statute became effective on September 1, 2023. That is, § 9 was the start date for ramping up this brand-new court to begin hearing cases. Based on § 9 alone, Government Code § 25A.006 would appear to allow parties to remove pending cases to this court beginning on

September 1, 2023. But removals were not practical then because on that date this court had no court space, judges, staff, equipment, supplies, systems, rules, and other things needed to function. So, the legislature provided one-year for the court to become ready to begin accepting cases. H.B. 19, § 8 is that authorizing statute.

However, § 8 does more than set the court's first operational date. If that were all that § 8 does, it would read, "The court may begin accepting cases beginning on September 1, 2024." But that is not what § 8 says.

Rather, § 8 also limits H.B. 19's changes to the law to cases commenced on or after September 1, 2024—a full year after the statute's effective date and the court was created. Section 8's "this Act" in this context means entire H.B. 19, which begins with "An ACT relating to the creation of a specialty trial court to hear certain cases; authorizing fees." *See* H.B. 19, preface. Section 1 thereafter amends the Government Code by "adding" chapter 25A and its twenty sections. *Id.* Since chapter 25A in its entirety is a change in Texas law, it follows that § 25A.006's removal provisions also change Texas law.

This court presumes the legislature wrote § 8 the way it did for a reason and cannot ignore its plain language. *In re Panchakarla*, 602 S.W.3d at 540.

-8-

Nor may it judicially amend the statute. *Id.* Indeed, H.B. 19's plain "text is the alpha and omega of the interpretative process." *Id.* at 540-41 (*quoting BankDirect Capital Fin., LLC v. Plasma Fab, LLC*, 519 S.W.3d 76, 86 (Tex. 2017)).

Accordingly, this court must construe § 8 as limiting § 25A.006's removal provisions to cases filed on or after September 1, 2024.

### 2. Plaintiff's Arguments

Nonetheless, plaintiff argues that § 8 does not contain the word "only" and shows no affirmative prohibition to removing pre-effective date cases and merely affirms the court's ability to start accepting cases on September 1, 2024. This argument has several deficits.

To begin, that § 8 restricts the court's entire chapter 25A authority to act to cases filed on or after September 1st necessarily restricts all chapter 25A provisions to cases filed on or after that date. So, no specific reference to removals is necessary to preclude removing cases filed before September 1, 2024.

Next, plaintiff cites nine examples of legislative enactments saying that the subject Act applies "only to" cases filed on or after the Act's effective date and stating that a case filed before the Act's effective date is governed by the

-9-

law existing before that date. From there, it argues that (i) those words in those other statutes have meaning and (ii) their absence here means H.B. 19 does not so restrict its procedural application to post-September 1, 2024, filed cases. However, on at least one occasion the legislature included specific language expressly applying a change in law to pending actions:

> SECTION 10. (a) Except as provided in Subsection (b) of this section, the changes in law made by this Act apply to a pending suit affecting the parent-child relationship regardless of whether the suit was filed before, on, or after the effective date of this Act.

Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 10, 2001 Tex. Gen. Laws 2395, 2398 (H.B. 2249). Thus, by plaintiff's reasoning, language of this sort would be necessary for chapter 25A to have retroactive application here. But no such language exists here either.

Finally, stating that the statute's changes in the law apply to cases filed on or after September 1, 2024, implies that the changes in the law—including the removal provisions—do not apply to cases filed before that date. *See City of Houston v. Williams*, 353 S.W.3d 128, 145 (Tex. 2011) (*inclusio unius est exclusio alterius* applies absent a valid alternative construction); Justice Antonin Scalia and James A. Garner, Reading Law 107-11 (2012) (Negative Implication Canon). Here there is no other valid construction. The legislature

could have written the court "may begin accepting cases on or after September 1, 2024" had that been its intent. But they did not say that, and we cannot rewrite the statute to expand the scope of cases removable to this court. *In re Panchakarla*, 602 S.W.3d at 540.

### 3. Remaining Arguments

Because H.B. 19's plain text is dispositive, the court does not address the parties' remaining arguments.

### Conclusion

Accordingly, the court concludes that H.B. 19's plain text precludes plaintiff's removal and remands this case to the 191st District Court of Dallas County, Texas.

It is so Ordered.

_____
BILL WHITEHILL
Judge of the Texas Business Court,
First Division

SIGNED: October 31, 2024

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 93788471
Filing Code Description: No Fee Documents
Filing Description: Opinion and order
Status as of 10/31/2024 11:55 AM CST

Associated Case Party: SYNERGY GLOBAL OUTSOURCING, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David S.Coale | | dcoale@lynnllp.com | 10/31/2024 11:51:45 AM | SENT |
| Michael K.Hurst | | mhurst@lynnllp.com | 10/31/2024 11:51:45 AM | SENT |
| Kay Ridenour | | kridenour@lynnllp.com | 10/31/2024 11:51:45 AM | SENT |
| Tonia Ashworth | | tashworth@lynnllp.com | 10/31/2024 11:51:45 AM | SENT |
| Maria Gonzalez | | mgonzalez@lynnllp.com | 10/31/2024 11:51:45 AM | SENT |
| Greg Brassfield | | gbrassfield@lynnllp.com | 10/31/2024 11:51:45 AM | SENT |
| Leo Park | | lpark@lynnllp.com | 10/31/2024 11:51:45 AM | SENT |
| Gina Flores | | gflores@lynnllp.com | 10/31/2024 11:51:45 AM | SENT |
| Ronni Bracken | | rbracken@lynnllp.com | 10/31/2024 11:51:45 AM | SENT |
| Daniela VeraHolmes | | dholmes@lynnllp.com | 10/31/2024 11:51:45 AM | SENT |

Associated Case Party: HINDUJA GLOBAL SOLUTIONS, INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Barry Barnett | 1778700 | bbarnett@susmangodfrey.com | 10/31/2024 11:51:45 AM | SENT |
| Ophelia Camina | 3681500 | ocamina@susmangodfrey.com | 10/31/2024 11:51:45 AM | SENT |
| Ravi Bhalia | | rbhalla@susmangodfrey.com | 10/31/2024 11:51:45 AM | SENT |
| Joyce Ingram | | jingram@susmangodfrey.com | 10/31/2024 11:51:45 AM | SENT |
| Ophelia Camina | | ocamina@susmangodfrey.com | 10/31/2024 11:51:45 AM | SENT |