2024 Tex. Bus. 6



## THE BUSINESS COURT OF TEXAS
### ELEVENTH DIVISION

| | | |
|---|---|---|
| XTO ENERGY, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Cause No. 24-BC11B-0008 |
| | § | |
| | § | |
| HOUSTON PIPE LINE COMPANY, | § | |
| LP, ETC KATY PIPELINE, LLC, | § | |
| ENERGY TRANSFER FUEL, LP, | § | |
| and OASIS, PIPELINE, LP, | § | |
| | § | |
| *Defendants.* | § | |

## OPINION AND ORDER

### Syllabus

*This opinion addresses the removability to the Business Court of cases filed before September 1, 2024, when removal has been contested. The Court concludes that, in such circumstances, Section 8 of House Bill 19 limits Business Court authority to act to cases filed on or after September 1, 2024.*[1]

---

[1] This syllabus is provided for the convenience of the reader; it is not part of the Court's opinion and should not be cited or relied upon as legal authority.

¶1        Plaintiff XTO Energy, Inc. ("XTO") filed a Motion to Remand ("Motion"), challenging the Business Court's authority on the grounds that it lacks jurisdiction over a case removed from the district court that was commenced before September 1, 2024. After consideration of the Motion and the parties' responsive briefs, the Court grants the Motion to Remand.

## BACKGROUND

¶2        XTO filed this lawsuit in the 133rd Judicial District Court of Harris County, Texas (the "District Court") in 2021 against defendants Houston Pipe Line Company, LP, ETC Katy Pipeline, LLC ("ETC"), Energy Transfer Fuel, LP, and Oasis Pipeline, LP (collectively, "Defendants"), who filed a counterclaim for monies allegedly owed under the parties' agreement. The disputed issues relate to natural gas transportation charges incurred during Winter Storm Uri in February 2021.

¶3        The parties have engaged in extensive motion practice in the District Court, including two mandamus petitions filed by ETC that are currently pending in the First Court of Appeals.[2] On October 1, 2024, Defendants removed the case to this Court. XTO filed its Motion to Remand on October 10.

## LEGAL STANDARD

¶4        The legal standard governing the parties' dispute is straightforward. Whether a court has subject-matter jurisdiction over a suit is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Because courts "may not assume

---

[2] *See In re Houston Pipe Line Company*, 01-24-00397-CV; and *In re Houston Pipe Line Company*, 01-24-00508-CV.

jurisdiction for the purposes of deciding the merits of the case," *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007), the Court must first resolve the jurisdictional question before it may proceed further.

## ANALYSIS

### A.    The Court must construe Section 8 of House Bill 19.

¶5    The parties agree on the basics: "The Court should construe a statute to give effect to the Legislature's intent as expressed in its plain language." *Defendants' Brief in Support of Removal* at 2 (*citing R.R. Com'n of Tex. v. Tex. Citizens*, 336 S.W.3d 619, 628 (Tex. 2011)). And: "We must presume that the Legislature chooses its words carefully." *Id.* at 5.

¶6    But the agreement ends there. XTO contends that the "unambiguous and express intention of the Texas Legislature" was to exclude from removal all cases that were on file before September 1, 2024. *XTO's Motion to Remand* at ¶9. In support of its argument, XTO references the Business Court's enabling legislation; specifically, Section 8 of House Bill 19, which states that the "changes in law made by this Act apply to civil actions commenced on or after September 1, 2024."

¶7    Defendants respond that Section 8's plain language does not prohibit the removal of cases filed before September 1, 2024. When the Legislature wants to exclude cases filed before a certain date, Defendants argue, it uses more precise language to do so.

¶8    Governor Abbott signed House Bill 19 on June 9, 2023, thereby establishing the Texas Business Court. Act of May 25, 2023, 88th Leg., R.S., ch. 380 §§ 1-9, 2023 Tex.

3

Sess. Law Serv. 919, 919-929. House Bill 19 was codified into Chapter 25A of the Texas Government Code.

¶9        Well, almost all of it was codified. Section 8 of House Bill 19 did not find its way into the Texas Government Code, but it is in the text of the enabling legislation that Governor Abbott signed into law. Thus, the first question presented is whether courts should look to the enabling legislation when interpreting a law. The short answer is "yes."

¶10       Under the enrolled bill rule, the text of the enrolled statute "as authenticated by the presiding officers of each house, signed by the governor (or certified passed over gubernatorial veto), and deposited in the secretary of state's office, is precisely the same as and a 'conclusive record' of the statute that was enacted by the legislators." *Ass'n of Texas Pro. Educators v. Kirby*, 788 S.W.2d 827, 829 (Tex. 1990). Accordingly, when analyzing the text of the Business Court's governing statute to determine its authority and jurisdiction to hear the case, the Court must apply Section 8 and presume that the enrolled bill accurately expresses the Legislature's intent. *See* TEX. GOV'T CODE §311.029 (under Texas's Code Construction Act, "the language of the enrolled bill version controls" over any subsequent printing of the statute).

B.        **The Court lacks subject-matter jurisdiction over this lawsuit.**

¶11       As noted above, Section 8—the portion of the enrolled bill upon which XTO relies—states that the "changes in law made by this Act apply to civil actions commenced on or after September 1, 2024." Thus, XTO argues, no case that was already on file can be removed after that date—at least absent agreement of the parties that does not exist here. Defendants retort that the Legislature would have used the word "only" if it intended to

4

exclude all cases filed before September 1, 2024—*viz.*, remand would only be required if the Act was said to apply "*only* to civil actions commenced on or after September 1, 2024." The statute, Defendants say, "clearly affirms the Court's ability to start accepting cases on September 1, 2024" but is silent with respect to the intended effect on cases commenced before that date. *Defendants' Brief in Support* at 5.

¶12      But this reading violates at least three canons of construction. First, Section 5 of House Bill 19 states that "the business court is created September 1, 2024." Obviously, the Court could not have started accepting cases before that date. *Cf. In re Dallas County*, 697 S.W.3d 142, 164 (Tex. 2024) (under Senate Bill 1045, the 15th Court of Appeals' "vacancies" could not have existed before September 1, 2024—the date the bill brought the Court into existence). And it needed no further authorization to accept cases commenced on or after September 1; the day a court is created is the day it can start accepting cases.[3] So Defendants' reading of Section 8 renders its date reference at best superfluous, and possibly a nullity—contrary to the canon that presumes the entirety of a statute is intended to have effect. *See* TEX. GOV'T CODE §311.021(2). *See also Jorrie v. Charles,* No. 24-BC04B-0001, 2024 Tex. Bus. 4, at 7 ("Any other construction of Section 8 renders its commencement date mere surplusage."). *See also Malouf v. State ex rel. Ellis,* 694 S.W.3d 712, 718 (Tex. 2024) (courts must consider whole text of statute and construe it so that no part is meaningless).

---

[3] *See Energy Transfer LP v. Culberson Midstream LLC,* No. 24-BC01B-0005, 2024 Tex. Bus. 1, at 7 ("Section 8 does more than set the [business] court's first operational date. If that were all that Section 8 does, it would read, 'The court may begin accepting cases beginning on September 1, 2024.'")

¶13     Second, Defendants' interpretation also ignores the legal maxim, *expressio unius est exclusio alterius*—translated from Latin as "the expression of one thing is the exclusion of another." *See Johnson v. Second Inj. Fund,* 688 S.W.2d 107, 108 (Tex. 1985) ("The legal maxim *Expressio unius est exclusio alterius* is an accepted rule of statutory construction in this state."); A. Scalia & B. Garner, Reading Law: The Interpretation of Legal Texts 107-11 (2012) (discussing negative implication canon). Thus, the Act's express statement that its changes in law apply to "cases commenced on or after September 1, 2024" necessarily implies a reverse inference: that the change in law—removal, in this instance—*does not apply* to cases that were on file before that date.

¶14     Third, and finally, the Code Construction Act also instructs courts that "[a] statute is presumed to be prospective in its operations unless expressly made retrospective." TEX. GOV'T CODE §311.022. But Defendants' approach would flip the presumption of non-retroactivity on its head. *See Morningstar Winans v. Berry,* No. 24-BC04A-0002, 2024 Tex. Bus. 5, at 4 (*citing* TEX. GOV'T CODE §311.022). This, too, supports the conclusion that Defendants' reading of the Act should not direct the Court's decision. The plain language of Section 8, read in context with the whole of House Bill 19, demonstrates that the

6

Legislature intended to exclude the non-consensual removal of all cases filed before September 1, 2024.[4] Defendants' remaining arguments do not persuade us to the contrary.[5]

## C.   The Court need not address XTO's remaining arguments.

¶15      Because of our resolution of the statutory construction issue, we do not reach XTO's arguments that (1) Defendants' removal was untimely or (2) that consequentialist considerations—specifically, the pendency of two mandamus petitions in the First Court of Appeals—dictate a ruling in its favor.

## CONCLUSION

¶16      For the foregoing reasons, the Court lacks authority to hear this case. Plaintiff's Motion to Remand is hereby **GRANTED,** and the Court hereby directs the Business Court Clerk to remand this cause to the 133rd Judicial District Court of Harris County, Texas.

---

[4] Because XTO objects to removal, the Court does not address whether TEX. GOV'T CODE 25A.006(f)'s allowance of removal from the district court by agreement of the parties "at any time during the pendency of the action" may alter the Court's decision in this case. The decision herein, moreover, comports with all other Texas Business Court rulings to date involving the non-consensual removal of a case that was commenced before September 1, 2024. *See Energy Transfer LP, supra* n.5; *Synergy Global Outsourcing, LLC v. Hinduja Global Solutions, Inc.,* No. 24-BC01B-0007, 2024 Tex. Bus. 2; *Tema Oil and Gas Co. v. ETC Field Servs., LLC,* No. 24-BC08B-0001, 2024 Tex. Bus. 3; *Morningstar Winans, supra.* The Texas Business Court opinions and orders cited herein can be found at https://www.txcourts.gov/businesscourt/opinions.

[5] In particular, Defendants' reliance upon the omission of the word "only" from Section 8 *(Defendants' Brief in Support* at 5-7) cannot bear the weight they place upon it. *See, e.g., In re Dallas County,* 697 S.W.3d at 158 (preferring "the fair meaning of the text" over "the hyperliteral meaning of each word") *(quoting* A. Scalia & B. Garner, Reading Law, at 356); *In re Off. of Att'y Gen.,* 456 S.W.3d 153, 155-56 (Tex. 2015) ("courts should resist rulings anchored in hyper-technical readings of isolated words or phrases. The import of language, plain or not, must be drawn from surrounding context, particularly when construing everyday words and phrases that are inordinately context-sensitive."). *See also Energy Transfer, supra* n.5 at 8-9; *Tema Oil and Gas, supra* n.6 at 9-12.

7

IT IS SO ORDERED.

GRANT DORFMAN
JUDGE, TEXAS BUSINESS COURT
ELEVENTH DIVISION

DATED: November 26, 2024