E-filed in the Office of the Clerk
for the Business Court of Texas
1/18/2025 1:14 AM
Accepted by: Beverly Crumley
Case Number: 24-BC11A-0016

2025 Tex. Bus. 2



**THE BUSINESS COURT OF TEXAS**
**ELEVENTH DIVISION**

| | | |
|---|---|---|
| Bestway Oilfield, Inc., | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Cause No. 24-BC11A-0016 |
| | § | |
| Jacob R. Cox and ServicePlus, LLC, | § | |
| *Defendants.* | § | |

---

**MEMORANDUM OPINION AND ORDER**

---

## I. INTRODUCTION

¶1      Before the Court is (1) the Notice of Removal by Plaintiff Bestway Oilfield, Inc. ("Bestway"), filed October 24, 2024 ("Notice" or "Notice of Removal"); and (2) Bestway's Brief in Support of Removal filed November 14, 2024 ("Brief" or "Bestway Brief").  Defendants, Jacob R. Cox ("Cox") and ServicePlus, LLC ("ServicePlus") (collectively, "Defendants") were initially opposed,[1] but ultimately agreed to removal.[2] Thus, Defendants did not file a response to Bestway's Brief.  Due to the Court's obligation

---

[1] Notice of Removal at 3 ("Defendants do not agree to the removal.").
[2] Bestway Brief at 4 ("The parties in this case have agreed to submit to the Business Court's jurisdiction and the amount in controversy exceeds $10 Million.").

to examine its subject-matter jurisdiction any time it is in question, the Court considered the propriety of this case's removal via submission on December 30, 2024. Having considered Bestway's arguments and the relevant law, and subject to the stay of this Order, the Court **ORDERS** that this suit be remanded to the district court. To the extent that the Court has the authority to do so, the Court **STAYS** the remand order contained herein, and all proceedings under this cause number, pending the resolution of the traditional appeal[3] and mandamus proceeding[4] arising out of *Synergy Global Outsourcing, LLC v. Hinduja Global Solutions, Inc.*, No. 24-BC01B-0007, 2024 Tex. Bus. 2 (Tex. Bus. Ct. Oct. 31, 2024).

## II. PROCEDURAL BACKGROUND

¶2      Over four-and-a-half years ago, Bestway commenced this lawsuit in the 270th Judicial District Court of Harris County.[5] Bestway maintains various causes of action against Defendants arising out of Cox's alleged breach of his former employment agreement with Bestway, his creation of a "secret side business" [ServicePlus], and his alleged misappropriation of Bestway's "contacts and proprietary information."[6] By Bestway's estimation, "Cox and ServicePlus enjoyed immediate success with the secret side business, which is now grossing well over $10 Million . . . [per] year."[7]

---

[3] *Synergy Global Outsourcing, LLC v. Hinduja Global Solutions, Inc.*, 15-24-00127-CV (traditional appeal filed November 12, 2024).

[4] *In re Synergy Global Outsourcing, LLC*, 15-25-00002-CV (mandamus proceeding filed January 3, 2025).

[5] Plaintiff's Original Petition was not included with the Appendix attached to the Notice of Removal. In both the Notice of Removal and the Bestway Brief, Bestway makes the assertion that "On *March 23, 2021*, Plaintiff sued Defendants . . . in the 270th Judicial District Court of Harris County, Texas . . . ." Notice of Removal at 1; Bestway Brief at 3 (emphasis added). A review of the District Clerk's record for this case (under Cause No. 2020-32320) reveals that this case was filed on May 28, 2020.

[6] Bestway Brief at 3 (Specifically, Bestway maintains claims of "breach of contract, breach of fiduciary duty, tortious interference with prospective business relations, unfair competition, and misappropriation of trade secrets/confidential information").

[7] *Id.* at 3.

¶3      On September 1, 2024, when this Court first opened for business, this case was 1,557 days old.  According to the district clerk's site, the eighth scheduled trial date in this cause was set for October 28, 2024.  On October 22, 2024, the district court denied Defendants' motion to continue the trial setting, which was opposed by Bestway.[8]

¶4      Two days later, on October 24, 2024, Bestway filed its Notice of Removal to the Texas Business Court.  In the Notice, Bestway represented that "Defendants do not agree to the removal"[9] and alleged that the Business Court has subject-matter jurisdiction under Texas Government Code Sections 25A.004(b)(6) (veil-piercing); 25A.004(b)(7) (actions under the Texas Business Organizations Code); 25A.004(d)(3) (actions under the Texas Business & Commerce Code against an organization or an officer/governing person of an organization acting on the organization's behalf); and 25A.004(f) (supplemental jurisdiction over all remaining claims).[10]

¶5      Later the same day, the Court ordered Bestway to file a brief containing argument and authorities regarding the propriety of this suit's removal to the Texas Business Court and regarding this Court's authority and jurisdiction to hear the suit.  In rendering this Order, the Court sought to determine the extent to which Section 8 of House Bill 19—which reads "[t]he changes in law made by this Act apply to civil actions

---

[8] The litigation below appears to be marked by several highly contentious discovery disputes, resulting in at least two orders granting discovery sanctions.

[9] Notice of Removal at 3.  "If all parties . . . have not agreed to remove the action, the notice of removal must be filed: (1) not later than the 30th day after the date the party requesting removal of the action discovered or reasonably should have discovered, facts establishing the business court's jurisdiction over the action . . . ." TEX. GOV'T CODE § 25A.006(f)(1).

[10] Notice of Removal at 2–3.

commenced on or after September 1, 2024"[11]—might affect the Court's subject-matter jurisdiction.

¶6     On November 14, 2024, Bestway filed its Brief, asserting an additional basis for the Court's subject-matter jurisdiction, on the grounds that Defendants—in an apparent reversal of stance—had consented to removal:

> The business court has civil jurisdiction concurrent with district courts in which the amount in controversy exceeds $10 Million to adjudicate any action that arises out of a contract or commercial transaction in which the parties to the contract or transaction agreed in the contract *or a subsequent agreement* that the business court has jurisdiction of the action. *See* TEX. GOV'T CODE § 25A.004(d)(2) (emphasis added).
>
> ***The parties in this case have agreed to submit to the Business Court's jurisdiction*** and the amount in controversy exceeds $10 Million.
>
> . . .
>
> House Bill 19 expressly authorizes parties to agree to jurisdiction in the Business Court during the pendency of an action. *See* H.B. 19, § 1, amending TEX. GOV. CODE § 25A.004(d)(2). *See also*, TEX. [GOV'T] CODE § 25A.006(f) (providing that "[a] party may file an agreed notice of removal at any time during the pendency of the action").[12]

¶7     Thus, Bestway provides this Court with yet another opportunity to address the agreed removal of a lawsuit that commenced before September 1, 2024. *See Jorrie v. Charles*, No. 24-BC04B-0001, 2024 Tex. Bus. 4, 2024 WL 4796436 (Tex. Bus. Ct. Nov. 7, 2024); *Lone Star NGL Prod. Servs. v. Eagleclaw Midstream Ventures*, No. 24-BC11A-0004, 2024 Tex. Bus. 8, 2024 WL 5202356 (Tex. Bus. Ct. Dec. 20, 2024).

---

[11] Tex. H.B. 19, § 8, 88th Leg., R.S. (2023).
[12] Bestway Brief at 4–5 (emphasis added).

¶8    Acknowledging the similarity of its posture to that of other Business Court litigants seeking to remove aging cases from district court, Bestway comments in its Brief that the appeal of *Synergy Global Outsourcing, LLC v. Hinduja Global Solutions, Inc.*, No. 24-BC01B-0007, 2024 Tex. Bus. 2 (Tex. Bus. Ct. Oct. 31, 2024) to the Fifteenth Court of Appeals, as well as "others that may be proceeding after it, will directly affect the jurisdictional outcome of this case . . . ."[13]   Accordingly, Bestway requests, if the Court finds that it lacks jurisdiction over this case, that the Court "(1) certify a permissive interlocutory appeal regarding whether the parties subsequent agreement establishes jurisdiction in this Court *or* (2) abate this case and/or stay its order remanding the case until the Court[] of Appeal[s] issue[s] a final ruling in *Synergy*."[14]

### III. LEGAL STANDARD

¶9    For every judicial proceeding, "subject-matter jurisdiction must exist before we can consider the merits," and a court must examine its jurisdiction "any time it is in doubt."  *Tex. Propane Gas Ass'n v. City of Houston*, 622 S.W.3d 791, 797 (Tex. 2021) (quoting *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 774 (Tex. 2020)); *see also Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993) ("Subject[-]matter jurisdiction is never presumed and cannot be waived.").  "Whether a court has subject[-]matter jurisdiction is a question of law."  *Tex. Disposal Sys. Landfill, Inc. v. Travis Cent. Appraisal Dist.*, 694 S.W.3d 752, 757 (Tex. 2024).

---

[13] *Id.* at 2.
[14] *Id.* at 2–3 (emphasis added).

¶10    A Notice of Removal to the Business Court must plead facts to establish the Business Court's authority to hear the action. TEX. R. CIV. P. 355(b)(2)(A). If the Business Court does not have jurisdiction over a removed action, the Business Court shall remand the action to the court in which the action was originally filed. TEX. GOV'T CODE § 25A.006(d); TEX. R. CIV. P. 355(f)(1).

## IV. ANALYSIS

### A. Bestway cannot rely on Chapter 25A to establish the Business Court's authority to hear this action because Chapter 25A only applies to civil actions commenced on or after September 1, 2024.

¶11    "As with every question of statutory construction, our duty is to accurately articulate the meaning of the enacted text—here," of H.B. 19.[15] *Brown v. City of Houston*, 660 S.W.3d 749, 752 (Tex. 2023). Indeed, "H.B. 19's plain 'text is the alpha and omega of the interpretive process.'" *Energy Transfer LP v. Culberson Midstream LLC*, No. 24-BC01B-0005, 2024 Tex. Bus. 1, 2024 WL 4648110, at *3 (Tex. Bus. Ct. Oct. 30, 2024) (citing *In re Panchakarla*, 602 S.W.3d 536, 541 (Tex. 2020); *BankDirect Capital Fin., LLC v. Plasma Fab, LLC*, 519 S.W.3d 76, 86 (Tex. 2017)). "When the text unambiguously answers a question, our inquiry ends." *Brown*, 660 S.W.3d at 752.

---

[15] In this context, as this Court has opined, the enrolled version of H.B. 19 is the binding statute enacted by the Texas Legislature. *Lone Star*, 2024 Tex. Bus. 8 at ¶ 14, n. 29; *Jorrie*, 2024 WL 4796436 at *3 (citing *Ass'n of Texas Pro. Educators v. Kirby*, 788 S.W.2d 827, 829 (Tex. 1990)). Accordingly, when analyzing the text of Chapter 25A to determine the Court's authority and jurisdiction to hear the case, the Court must apply Section 8 and presume that the enrolled bill accurately expresses the Texas Legislature's intent. *XTO Energy, Inc. v. Houston Pipe Line Co.*, No. 24-BC11B-0008, 2024 Tex. Bus. 6 at ¶ 10 (Tex. Bus. Ct. Nov. 26, 2024); *see* TEX. GOV'T CODE § 311.029 (under the Code Construction Act, "the language of the enrolled bill version controls" over any subsequent printing of the statute).

¶12     When Governor Greg Abbott signed H.B. 19 into law on June 9, 2023, the enrolled version of the Bill included two sections that are pertinent to this Opinion:

    i.   Section 1, which vests the Court with its jurisdiction, and sets forth the text of the new Chapter 25A of the Texas Government Code,[16] and

    ii.   Section 8, which states: "The changes in law made by this Act apply to civil actions commenced on or after September 1, 2024."[17]

¶13     Bestway argues that Section 8 would only limit the applicability of the changes in law made by H.B. 19 if they were said to apply "***only*** to civil actions commenced on or after September 1, 2024."[18] This Court has confronted and rejected this argument once before.[19] To date, no division of the Business Court has accepted this interpretation of Section 8.[20] No effort has been made to distinguish this iteration of the "only" argument. Thus, no reason exists for the Court to deviate from the established rule. On its face,

---

[16] Tex. H.B. 19 at § 1 (emphasis added); *see* TEX. GOV'T CODE § 25A.004 (entitled "Jurisdiction and Powers"). Bestway admits that Section 1 of H.B. 19 constitutes a change in law. Bestway Brief at 6 ("Section 8 provides the effective date for changes in law made by the Act. The changes in law are found in Sections 1 through 3 of the Act, which amend various parts of the Government Code.").

[17] Tex. H.B. 19 at § 8.

[18] *See* Bestway Brief at 6–7.

[19] *See Lone Star*, 2024 Tex. Bus. 8 at ¶¶ 8.i, 17.

[20] *Energy Transfer*, 2024 WL 4648110, at *3 (rejecting "only" argument, relying on the Negative Implication Canon); *Synergy*, 2024 Tex. Bus. 2 at 9–11 (identical analysis); *Tema Oil and Gas Co. v. ETC Field Services, LLC*, No. 24-BC08B-0001, 2024 Tex. Bus. 3, 2024 WL 4796433, at *4 (Tex. Bus. Ct. Nov. 6, 2024) ("[T]here was no need for the legislature to insert 'only' or other limiting clarifying phrases in the applicability clause to expressly indicate that the new law did not apply retroactively to non-existing pending cases. It would have been superfluous for the legislature to have done so."); *Winans v. Berry*, No. 24-BC04A-0002, 2024 Tex. Bus. 5, 2024 WL 4796435, at *2 (Tex. Bus. Ct. Nov. 7, 2024) (relying on the reasoning from *Tema Oil* to dispose of this argument); *XTO Energy*, 2024 Tex. Bus. 6 at ¶¶ 11–14 ("[T]his reading violates at least three canons of construction.").

Section 8 unambiguously limits the applicability of any "change in law" made by H.B. 19 to "civil actions commenced on or after September 1, 2024."[21]

¶14    As this Court concluded in *Lone Star*, "Chapter 25A is the most significant 'change[] in law' in H.B. 19, both in terms of volume and substance."[22] Because the present lawsuit commenced[23] long before September 1, 2024, the Court holds that Bestway may not rely on the provisions of Chapter 25A to justify subject-matter jurisdiction in the Business Court, regardless of how innovative its arguments may be.[24] Therefore, the Court need not—and does not—meaningfully analyze Bestway's jurisdictional allegations, each

---

[21] *See generally* authorities cited, *supra* note 20; *Tema Oil*, 2024 WL 4796433, at *3 ("Section 8 is unambiguous and clear on its face . . . In plain and common terms, Section 8, when construed in harmony with the other provisions of H.B. 19, expresses the legislative intent that cases filed before September 1, 2024, cannot be removed to the Business Court.").

[22] *Lone Star*, 2024 Tex. Bus. 8 at ¶ 18 ("The introduction of Section 1 [and the functional preamble to the text of Chapter 25A] reads: 'Subtitle A, Title 2, Government Code, is **amended** by **adding** Chapter 25A to read as follows: . . . .' Putting aside its auxiliary purposes, the plain thrust of Section 1 and Chapter 25A is to **change Texas Law** to create the legal framework for the Business Court **and vest it with its jurisdiction**. By a simple page count [of the enrolled version of the Bill posted to the Texas Legislature's website, Tex. H.B. 19, 88th Leg., R.S. (2023) "Text," Texas Legislature Online, https://capitol.texas.gov/BillLookup/Text.aspx?LegSess=88R&Bill=HB19 (last visited Dec. 3, 2024)], the text of Chapter 25A occupies twenty-two of the twenty-seven pages of the enrolled version of H.B. 19."); *see Jorrie*, 2024 WL 4796436 at *2 ("The Act's most substantial change in the law is the addition of Chapter 25A, which includes the provisions permitting removal to the Business Court."); *Energy Transfer*, 2024 WL 4648110, at *3 ("Since chapter 25A in its entirety is a change in Texas law, it follows that § 25A.006's removal provisions also change Texas law."); *Tema Oil*, 2024 WL 4796433, at *4 ("Because Chapter 25A in its entirety is a change of law, it follows logically that Section 25A.006's removal provisions are changes in law, too."); *Winans*, 2024 WL 4796435, at *2 ("This argument ignores the plain language of the enabling legislation, which expressly states the changes in this law, i.e. Chapter 25A and its removal procedure, apply to cases commenced on or after September 1, 2024."); *XTO Energy*, 2024 Tex. Bus. 6 at ¶ 13 ("Thus, the Act's express statement that its changes in law apply to 'cases commenced on or after September 1, 2024' necessarily implies a reverse inference: that the change in law—removal, in this instance—does not apply to cases that were on file before that date.").

[23] Bestway does not contest that the commencement date for this action was prior to September 1, 2024. For a discussion of the meaning of "commenced" in the context of H.B. 19, see *Tema Oil*, 2024 WL 4796433, at *3 and *Jorrie*, 2024 WL 4796436 at *2.

[24] *See Lone Star*, 2024 Tex. Bus. 8 at ¶ 19 (holding same).

of which is based in Texas Government Code Section 25A.004.[25]  This conclusion is consistent with the consensus view of Section 8 in the Business Court.[26]

### B. Bestway may not rely on an alleged waiver to create subject-matter jurisdiction in the Business Court.

¶15     In the alternative, Bestway argues "[a]s discussed in the briefing in *Lone Star*, the fact that a statutory 'effective date' exists in a bill does not mean that that date cannot be waived."[27]  To justify this argument, Bestway cites *Prystash v. State*, 3 S.W.3d 522 (Tex. Crim. App. 1999), which overruled *Powell v. State*, 897 S.W.2d 307, 317 (Tex. Crim. App. 1994), by employing the doctrine of "invited error."  The *Prystash* court held that since a criminal defendant had requested a certain jury instruction, he was estopped from complaining about its defectiveness on appeal.  *Prystash*, 3 S.W.3d at 529–32.  While there are clear and binding authorities addressing waiver, estoppel, and invited error surrounding a civil court's subject-matter jurisdiction,[28] Bestway appears to focus on *Prystash* because the portion of the relevant statute which the criminal defendant waived was its "effective date" provision.[29]

¶16     When it comes to the validity of an attempted "waiver," not all "effective date" provisions are created equal in the eyes of the law.  It is fundamental that "[s]ubject-matter jurisdiction is an issue that may be raised for the first time on appeal; [and] it may

---

[25] *See* Procedural Background *supra* ¶¶ 4, 6 (discussing Bestway's alleged jurisdictional bases).

[26] *See generally* authorities cited, *supra* note 22.

[27] Bestway Brief at 5.  Of course, the true effective date provision of H.B. 19 is Section 9.  *See* Tex. H.B. 19 at § 9 ("This Act takes effect September 1, 2023.").  However, in this instance, this distinction bears no legal significance.

[28] *See, e.g.*, authorities cited, *infra* ¶ 16.

[29] *See Prystash*, 3 S.W.3d at 529–32.

9

not be waived by the parties." *Tex. Ass'n of Bus.*, 852 S.W.2d at 445; *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000) ("[S]ubject-matter jurisdiction is a power that exists by operation of law only, and cannot be conferred upon any court by consent or waiver.") (internal quotations omitted); *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012) (explaining that a judgment is void when a court lacks subject-matter jurisdiction).[30] Thus, the success or failure of Bestway's waiver argument turns on the Court's determination of whether Section 8 of H.B. 19 is a jurisdictional provision in this context.

¶17    In this regard, the Court maintains its prior holdings that (1) Section 8 of H.B. 19 unambiguously operates as a jurisdictional provision when applied to Texas Government Code Section 25A.004 (entitled "Jurisdiction and Powers");[31] and therefore, (2) parties to a "civil action[] commenced"[32] before September 1, 2024 may not waive the application of Section 8 in order to establish subject-matter jurisdiction in the Business Court under Section 25A.004.[33]

## V. CONCLUSION

¶18    Bestway has failed to establish that the Court has subject-matter jurisdiction over this case. *See* TEX. R. CIV. P. 355(b)(2)(A). As a result, the Court is required to remand

---

[30] Likewise, the doctrine of invited error cannot serve as the basis for subject-matter jurisdiction where it otherwise does not exist. *Interest of A.F.*, 653 S.W.3d 730, 745 (Tex. App.—Fort Worth 2019, no pet.) (citing *In re Crawford & Co.*, 458 S.W.3d 920, 928 n. 7 (Tex. 2015)).

[31] *See Lone Star*, 2024 Tex. Bus. 8 at ¶ 23 ("The Court finds that Section 8 of H.B. 19 unambiguously operates as a jurisdictional provision when applied to Texas Government Code Section 25A.004 (entitled 'Jurisdiction and Powers')."); *Jorrie*, 2024 WL 4796436, at *3 ("The court concludes that Section 8 is jurisdictional."); ANALYSIS, *supra* at Section IV.A ("Bestway cannot rely on Chapter 25A to establish the Business Court's authority to hear this action because Chapter 25A only applies to civil actions commenced on or after September 1, 2024.").

[32] Tex. H.B. 19 at § 8.

[33] *Lone Star*, 2024 Tex. Bus. 8 at ¶ 23.

this case to the district court. *See* TEX. GOV'T CODE § 25A.006(d) ("If the business court does not have jurisdiction of the [removed] action, the business court *shall* remand the action to the court in which the action was originally filed.") (emphasis added). Therefore, subject to the Court's stay issued in Paragraph 19 below, it is **ORDERED** that the Business Court Clerk shall remand this cause to the 270th Judicial District Court of Harris County, Texas.

¶19    Further, to the extent that the Court has the authority to do so, the Court **GRANTS** Bestway's request and **STAYS** the remand order contained herein, and all proceedings under this cause number, pending the resolution of the traditional appeal[34] and mandamus[35] arising out of *Synergy Global Outsourcing, LLC v. Hinduja Global Solutions, Inc.*, No. 24-BC01B-0007, 2024 Tex. Bus. 2 (Tex. Bus. Ct. Oct. 31, 2024).

SO ORDERED.

_____
Hon. Sofia Adrogué
Texas Business Court, Eleventh Division

DATED: January 17, 2025

---

[34] *Synergy Global Outsourcing, LLC v. Hinduja Global Solutions, Inc.*, 15-24-00127-CV (traditional appeal filed November 12, 2024).
[35] *In re Synergy Global Outsourcing, LLC*, 15-25-00002-CV (mandamus proceeding filed January 3, 2025).

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 96384171
Filing Code Description: No Fee Documents
Filing Description: Signed Opinion and Order
Status as of 1/18/2025 3:11 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Zachariah Wolfe | 24003193 | zach@zachwolfelaw.com | 1/18/2025 1:14:51 AM | SENT |
| Kim Conkey | | kim@renshaw-law.com | 1/18/2025 1:14:51 AM | SENT |
| Ardalan Attar | 24113538 | aattar@christianattarlaw.com | 1/18/2025 1:14:51 AM | SENT |
| Business Court 11A | | BCDivision11A@txcourts.gov | 1/18/2025 1:14:51 AM | SENT |